1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JEAN-MAX DARBOUZE,                    No.  2:23-cv-1419 CSK P

12                   Plaintiff,

13          v.                             ORDER AND FINDINGS AND
                                           RECOMMENDATIONS
14   SPENCER, et al.,

15                   Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights

18   action under 42 U.S.C. § 1983.  Defendant Dr. Spencer's fully briefed motion to dismiss is before

19   the Court.  As discussed below, defendant Dr. Spencer's request to have plaintiff's opposition

20   construed as a non-opposition is denied, and the Court recommends that plaintiff's claims against

21   defendant Dr. Spencer in his official capacity be dismissed.  In addition, the Court grants plaintiff

22   an extension of time to obtain Dr. Kim's complete name and comply with the July 2, 2024 order.

23   I.     PLAINTIFF'S COMPLAINT

24          Plaintiff alleges that in 2019, while housed at High Desert State Prison ("HDSP"), his

25   Eighth Amendment rights were violated by Dr. Spencer's refusal to change plaintiff's medication

26   for his serious mental health needs including severe depression and chronic insomnia, despite

27   plaintiff informing Dr. Spencer on multiple occasions that the prescribed medications were not

28   working, and such refusal made plaintiff's symptoms worse.  Dr. Spencer diagnosed plaintiff as

                                              1

1  suffering from polysubstance personality dependence, adjustment disorder with anxiety and

2  disturbance of mood, with anti-social personality disorder.  Dr. Spencer allegedly informed

3  plaintiff that he could "target his own symptoms of depression" by establishing and maintaining a

4  level of participation in assigned and prescribed programming to improve [plaintiff's] insight into

5  [his] numerous mental health difficulties."  (ECF No. 1 at 9.)  Plaintiff claims he repeatedly

6  informed Dr. Spencer that plaintiff was "completely [in]capacitated due to severe depression,

7  suicidal ideations, lack of sleep and lack of appetite."  (Id.)

8         While at HDSP, on September 15, 2020, plaintiff reported he was suffering from left arm

9  and shoulder pain.  Plaintiff's primary care physician, Dr. Kim, allegedly refused to provide

10  alternative pain medication when plaintiff reported that the Tylenol and Naproxen failed to treat

11  plaintiff's chronic and severe shoulder pain and refused to prescribe Lyrica.  In early 2021,

12  plaintiff informed Dr. Kim that plaintiff's chronic and severe pain was now in both shoulders, and

13  he was having difficulty breathing at night due to the pain, his asthma, and his inability to sleep

14  due to his severe episodes of depression, and plaintiff requested a CPAP to assist him at night,

15  which was denied.  Plaintiff also informed Dr. Kim that in 2011 he suffered a serious head injury

16  as well as injury to his torso from a motor vehicle accident.  Plaintiff requested a CT scan of his

17  brain due to his headaches and increased depression and other mental health issues which were

18  worsening.  But Dr. Kim allegedly refused to schedule plaintiff for any additional tests or to see

19  specialists trained in head injuries.

20         Plaintiff sued all named defendants in both their individual and official capacities.[1]  (ECF

21  No. 1 at 1.)  Plaintiff seeks money damages and prospective injunctive relief in the form of orders

22  directing defendants to provide mental health care customized to plaintiff's personal needs and to

23  refer plaintiff to specialists trained in head injuries, gastroenterology, and pain management.  (Id.

24  at 6.)  This action proceeds on plaintiff's potentially cognizable Eighth Amendment claims

25  against defendants Dr. Spencer and Dr. Kim at HDSP.  (ECF No. 5 at 4.)

26  _____

27  [1]  Plaintiff also included allegations as to defendant Dr. Hla's treatment at Mule Creek State
    Prison, but plaintiff's claims against Dr. Hla were severed from this action and Dr. Hla was
28  terminated from this action.  (ECF No. 5 at 5.)

1    II.      BACKGROUND

2           A.      Defendant Dr. Spencer

3           On May 23, 2024, defendant Dr. Spencer filed a motion to dismiss.  (ECF No. 22.)  On

4    June 11, 2024, plaintiff's request for a thirty day extension of time to file an opposition was

5    granted.  (ECF No. 24.)  On July 9, 2024, under the mailbox rule, plaintiff filed an opposition.

6    (ECF No. 27.)  On July 23, 2024, defendant Dr. Spencer filed a reply.  (ECF No. 28.)

7           B.      Defendant Dr. Kim

8           On April 10, 2024, service of process on defendant Dr. Kim was returned unexecuted.

9    (ECF No. 16.)  On July 2, 2024, plaintiff was ordered to provide additional information that

10   identified Dr. Kim in order to effect service of process.  (ECF No. 26.)  On July 31, 2024, under

11   the mailbox rule, plaintiff filed a notice stating he may be able to obtain Dr. Kim's complete

12   name from plaintiff's medical records or through discovery from defendant Dr. Spencer.  (ECF

13   No. 29.)

14   III.     DEFENDANT DR. SPENCER'S MOTION TO DISMISS

15          A.      Legal Standards Governing Motion to Dismiss

16          Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for

17   "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In

18   considering a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true the

19   allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the

20   pleading in the light most favorable to the plaintiff.  Jenkins v. McKeithen, 395 U.S. 411, 421

21   (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999).  Still, to survive

22   dismissal for failure to state a claim, a pro se complaint must contain more than "naked

23   assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

24   action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,

25   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

26   statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

27   upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S. at 570.

28   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotes and citation omitted), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002).  Otherwise, the motion is treated as one for summary judgment. Lee, 250 F.3d at 688.  There are exceptions for material which is properly submitted as part of the complaint and "matters of public record" which may be judicially noticed. Id. at 688-89.  "If the documents are not physically attached to the complaint, they may be considered if the documents' 'authenticity . . . is not contested' and 'the plaintiff's complaint necessarily relies' on them." Id. at 688 (quoting Parrino v. FHD, Inc., 146 F.3d 699, 705-06 (9th Cir. 1998)).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).  The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

### B.    Plaintiff's Opposition Was Timely

Initially, defendant Dr. Spencer argues that plaintiff's opposition was untimely and should be construed as a statement of non-opposition to the motion under Local Rule 230(c).  (ECF No. 28 at 2.)  Defendant's argument fails.

"[T]he Houston mailbox rule applies to § 1983 complaints filed by pro se prisoners." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citing Houston v. Lack, 487 U.S. 266, 275-76 (1988).).  The Court affords plaintiff application of the mailbox rule as to all his relevant filings. Houston, 487 U.S. at 275-76 (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).

4

Here, plaintiff's opposition was due on or before July 11, 2024, thirty days after the Court granted his request for thirty day extension of time on June 11, 2024.  Plaintiff's opposition was accompanied by a proof of service attesting to placement in the mail on July 10, 2024.  (ECF No. 27 at 3.)  Thus, plaintiff's opposition was timely, and defendant Dr. Spencer's request to have the opposition construed as a statement of non-opposition is denied.

C.    Eleventh Amendment Bars Official Capacity Claims

In his opposition, plaintiff states, "[t]he Eleventh amendment should not bar [him] from seeking redress for the violation of his Eighth Amendment rights in this case," and also argues that the Eleventh Amendment does not apply because plaintiff's claims are based on the Eighth Amendment.  (ECF No. 27 at 1.)  As noted by defendant Dr. Spencer (ECF No. 28 at 2), plaintiff's statements appear to misapprehend the nature of defendant's motion.  Defendant Dr. Spencer does not seek dismissal of this case in its entirety, but rather just the dismissal of plaintiff's claims against Dr. Spencer in his official capacity.

Claims for damages against the state, its agencies, or its officers for actions performed in their official capacities are barred under the Eleventh Amendment, unless the state waives its immunity.  Kentucky v. Graham, 473 U.S. 159, 169 (1985).  Section 1983 does not abrogate the states' Eleventh Amendment immunity from suit.  See Quern v. Jordan, 440 U.S. 332, 344-45 (1979); see also Hafer v. Melo, 502 U.S. 21, 30 (1991) (clarifying that the Eleventh Amendment does not bar suits against state officials sued in their individual capacities, nor does it bar suits for prospective injunctive relief against state officials sued in their official capacities).  Therefore, plaintiff's claims for monetary damages against defendant Dr. Spencer in his official capacity are barred by the Eleventh Amendment and must be dismissed.

Further, because plaintiff is now housed at Mule Creek State Prison, and he does not allege he has any reasonable expectation of returning to HDSP, plaintiff's request for prospective injunctive relief as to Dr. Spencer is moot.  See Alvarez v. Hill, 667 F.3d 1061, 1064 (9th Cir. 2012); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam).

Plaintiff closes his opposition by stating that "[t]he Eleventh Amendment does not forbid suing state officials in their individual capacity."  (ECF No. 27 at 2.)  Plaintiff's statement is

correct.  The Eleventh Amendment does not "bar claims for damages against state officials in their personal capacities."  Mitchell v. Washington, 818 F.3d 436, 442 (9th Cir. 2016).  Thus, this action proceeds as to plaintiff's Eighth Amendment claims against defendant Dr. Spencer in his individual and personal capacity.

IV.     DEFENDANT DR. KIM

On July 2, 2024, plaintiff was ordered to provide additional information that identifies defendant Dr. Kim in order to effect service.  On July 31, 2024, under the mailbox rule, plaintiff filed a notice stating he may be able to obtain Dr. Kim's complete name from plaintiff's medical records or through discovery from defendant Dr. Spencer.  (ECF No. 29.)  Good cause appearing, plaintiff is granted an additional ninety days to obtain Dr. Kim's complete name and comply with the July 2, 2024 order (ECF No. 26).

V.      CONCLUSION

For all of the above reasons, the Court denies defendant Dr. Spencer's request to have plaintiff's opposition construed as a non-opposition, and grants plaintiff an extension of time to obtain Dr. Kim's complete name and to comply with the July 2, 2024 order.  Further, the Court recommends that plaintiff's claims against defendant Dr. Spencer in his official capacity be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1.  Defendant Spencer's request to have the opposition construed as a statement of non-opposition is denied.

2.  The Clerk of the Court is directed to assign a district judge to this case.

3.  Plaintiff is granted ninety days from the date of this order to obtain defendant Dr. Kim's complete name and to comply with the July 2, 2024 order (ECF No. 26).

IT IS RECOMMENDED that:

1.  Defendant Spencer's motion to dismiss (ECF No. 22) be granted; and plaintiff's claims against defendant Dr. Spencer in his official capacity be dismissed.

2.  Defendant Dr. Spencer be ordered to file an answer within fourteen days from the date of any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 28, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/darb1419.mtd

7