UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN-MAX DARBOUZE,<br><br>        Plaintiff,<br><br>    v.<br><br>SPENCER, et al.,<br><br>        Defendants. | No. 2:23-cv-1419 WBS CSK P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Defendant Dr. R. Kim's motion to dismiss is before the Court. As discussed below, the Court recommends that plaintiff's claims against defendant Dr. R. Kim in his official capacity be dismissed.

I.  PLAINTIFF'S COMPLAINT

Plaintiff alleges that in 2019, while housed at High Desert State Prison ("HDSP"), his Eighth Amendment rights were violated by Dr. Spencer's refusal to change plaintiff's medication for his serious mental health needs including severe depression and chronic insomnia, despite plaintiff informing Dr. Spencer on multiple occasions that the prescribed medications were not working, and such refusal made plaintiff's symptoms worse. Dr. Spencer diagnosed plaintiff as suffering from polysubstance personality dependence, adjustment disorder with anxiety and disturbance of mood, with anti-social personality disorder. Dr. Spencer allegedly informed

1

plaintiff that he could "target his own symptoms of depression" by establishing and maintaining a level of participation in assigned and prescribed programming to improve [plaintiff's] insight into [his] numerous mental health difficulties." (ECF No. 1 at 9.) Plaintiff claims he repeatedly informed Dr. Spencer that plaintiff was "completely [in]capacitated due to severe depression, suicidal ideations, lack of sleep and lack of appetite." (Id.)

While at HDSP, on September 15, 2020, plaintiff reported he was suffering from left arm and shoulder pain. Plaintiff's primary care physician, Dr. R. Kim, allegedly refused to provide alternative pain medication when plaintiff reported that the Tylenol and Naproxen failed to treat plaintiff's chronic and severe shoulder pain and refused to prescribe Lyrica. In early 2021, plaintiff informed Dr. R. Kim that plaintiff's chronic and severe pain was now in both shoulders, and he was having difficulty breathing at night due to the pain, his asthma, and his inability to sleep due to his severe episodes of depression, and plaintiff requested a CPAP to assist him at night, which was denied. Plaintiff also informed Dr. R. Kim that in 2011 he suffered a serious head injury as well as injury to his torso from a motor vehicle accident. Plaintiff requested a CT scan of his brain due to his headaches and increased depression and other mental health issues that were worsening. But Dr. R. Kim allegedly refused to schedule plaintiff for any additional tests or to see specialists trained in head injuries.

Plaintiff sued all named defendants in both their individual and official capacities.[1] (ECF No. 1 at 1.) Plaintiff's claims against defendant Dr. Spencer in his official capacity were dismissed on October 2, 2024. (ECF No. 32.) Plaintiff seeks money damages and prospective injunctive relief in the form of orders directing defendants to provide mental health care customized to plaintiff's personal needs and to refer plaintiff to specialists trained in head injuries, gastroenterology, and pain management. (Id. at 6.) This action proceeds on plaintiff's potentially cognizable Eighth Amendment claims against defendants Dr. Spencer and Dr. R. Kim at HDSP. (ECF No. 5 at 4.)

---

[1] Plaintiff also included allegations as to defendant Dr. Hla's treatment at Mule Creek State Prison, but plaintiff's claims against Dr. Hla were severed from this action and Dr. Hla was terminated from this action. (ECF No. 5 at 5.)

II.   BACKGROUND

On May 23, 2024, defendant Dr. Spencer filed a motion to dismiss plaintiff's claims against Dr. Spencer in his official capacity.  (ECF No. 22.)  Plaintiff filed an opposition and defendant Dr. Spencer filed a reply.  (ECF Nos. 27, 28.)  On August 28, 2024, the Court recommended that Dr. Spencer's motion to dismiss be granted.  (ECF No. 30.)  On October 2, 2024, the district court adopted the findings and recommendations in full.  (ECF No. 32.)

On February 19, 2025, defendant Dr. R. Kim filed a motion to dismiss plaintiff's claims against Dr. R. Kim in his official capacity.  (ECF No. 49.)  Plaintiff did not file an opposition or statement of nonopposition.

III.   DEFENDANT DR. R. KIM'S MOTION TO DISMISS

A. Failure to Oppose the Motion

Local Rule 230(l) provides in part:  "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ."  Local Rule 230(l).  On November 13, 2024, plaintiff was advised of the requirements for filing an opposition to a motion and that failure to oppose such a motion may be deemed a waiver of opposition to the motion.  (ECF No. 41 at 6.)

B. Legal Standards Governing Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999).  Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

3

1   upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S. at 570.

2   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

3   draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556

4   U.S. at 678.

5       "As a general rule, a district court may not consider any material beyond the pleadings in

6   ruling on a Rule 12(b)(6) motion."  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001)

7   (internal quotes and citation omitted), overruled on other grounds by Galbraith v. County of Santa

8   Clara, 307 F.3d 1119 (9th Cir. 2002).  Otherwise, the motion is treated as one for summary

9   judgment.  Lee, 250 F.3d at 688.  There are exceptions for material which is properly submitted

10  as part of the complaint and "matters of public record" which may be judicially noticed.  Id. at

11  688-89.  "If the documents are not physically attached to the complaint, they may be considered if

12  the documents' 'authenticity . . . is not contested' and 'the plaintiff's complaint necessarily relies'

13  on them."  Id. at 688 (quoting Parrino v. FHD, Inc., 146 F.3d 699, 705-06 (9th Cir. 1998)).

14      A motion to dismiss for failure to state a claim should not be granted unless it appears

15  beyond doubt that the plaintiff can prove no set of facts in support of his claims which would

16  entitle him to relief.  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  In general, pro se

17  pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner,

18  404 U.S. 519, 520 (1972).  The court has an obligation to construe such pleadings liberally.  Bretz

19  v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (*en banc*).  However, the court's liberal

20  interpretation of a pro se complaint may not supply essential elements of the claim that were not

21  pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

22      C.  Eleventh Amendment Bars Official Capacity Claims

23      Claims for damages against the state, its agencies, or its officers for actions performed in

24  their official capacities are barred under the Eleventh Amendment, unless the state waives its

25  immunity.  Kentucky v. Graham, 473 U.S. 159, 169 (1985).  Section 1983 does not abrogate the

26  states' Eleventh Amendment immunity from suit.  See Quern v. Jordan, 440 U.S. 332, 344-45

27  (1979); see also Hafer v. Melo, 502 U.S. 21, 30 (1991) (clarifying that the Eleventh Amendment

28  does not bar suits against state officials sued in their individual capacities, nor does it bar suits for

prospective injunctive relief against state officials sued in their official capacities). Therefore, plaintiff's claims for monetary damages against defendant Dr. R. Kim in his official capacity are barred by the Eleventh Amendment and must be dismissed.

IV. CONCLUSION

For the above reasons, the Court recommends that plaintiff's claims against defendant Dr. R. Kim in his official capacity be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant Dr. R. Kim's motion to dismiss (ECF No. 49) be granted; and plaintiff's claims against defendant Dr. R. Kim in his official capacity be dismissed.

2. Defendant Dr. R. Kim be ordered to file an answer within fourteen days from the date of any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 24, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/darb1419.mtd2